(77 South. 285)

No. 21036.

MILLER v. BLACKWELL et al.

(Nov. 26, 1917. Rehearing Denied Jan. 3, 1918.)

*(Syllabus by the Court.)*

HUSBAND AND WIFE ☞273(8), 274(1)—DEATH OF WIFE—DEVOLUTION OF COMMUNITY PROPERTY.

Upon the death of the wife the property of the community devolves upon her heirs and surviving husband in indivision, which means that each owns her or his proportionate interest in the most remote atom of which that property is composed; hence no specific portion of the community real estate can be sold by the surviving husband, since there would necessarily be included in the sale the proportionate interests of the heirs of the wife, which, presumably holding in perfect usufruct, he has no authority to sell.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Suit by Mrs. Georgiana Miller against James E. Blackwell and others. Suit dismissed upon an exception of no cause of action, and plaintiff appeals. Judgment set aside, and case remanded.

James E. Barry and Smith & Carmouche, all of Crowley, for appellant. Medlenka & Bruner, of Crowley, for appellees.

MONROE, C. J. Plaintiff, as one of the two surviving children of her deceased mother, brings this suit to annul a sale, alleged to have been made by her father since the death of her mother, of certain alleged community property. The suit was dismissed upon an exception of no cause of action, and plaintiff has appealed.

The petition sets forth the death of the mother, leaving the husband, two children, and community property, real and personal; that the succession has not been opened; that since the death of the mother the father has disposed of all the succession property except 91 acres of land, which is described, and which, plaintiff alleges, is "barely more than sufficient to pay petitioner her interest in the succession"; that the father on July 24, 1914, "pretendedly sold" to Jos. B. Parrott a portion of said 91 acres of land, said portion being described as follows (quoting in part):

"That certain tract or parcel of land situated in Plaquemine Brulée, * * * and being in the northwest quarter of section 22, * * * and containing 45½ acres of land, and being a portion of the interest of the said Jas. E. Blackwell in the whole tract, which contains 91 acres of land. The boundaries of the whole tract out

of which the 45½ acres is hereby conveyed are as follows: [Giving boundaries.]"

The petition further alleges that the sale so made is null for the reason that the whole tract belonged in indivision to the heirs of the deceased wife and the surviving husband, and neither owned any specific portion thereof; that said Blackwell, by disposing of the money and other property of the succession to his own use, had received his share, and had no further interest therein. Petitioner prays that Blackwell and Parrott be cited, the alleged sale annulled, the property brought back into the succession, etc.

Upon the death of the wife the property of the community devolved upon her heirs and surviving husband in indivision, which means that each owned her or his proportionate interest in the most remote atom of which that property was composed, from which it follows that no specific portion of the community real estate could be sold by the surviving husband, since there would necessarily be included in the sale the proportionate interests of the heirs of the wife, which, presumably holding in perfect usufruct, he had no authority to sell.

It is therefore ordered that the judgment appealed from be set aside, and the case remanded, to be proceeded with according to law and to the views thus expressed.

O'NIELL, J., concurs in the decree.